719 F.2d 613
 114 L.R.R.M. (BNA) 2987, 99 Lab.Cas. P 10,506,
1983-2 Trade Cases 65,667
 TELECOM PLUS OF DOWNSTATE NEW YORK, INC., Plaintiff-Appellant,
v.
LOCAL UNION NO. 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO, George Schuck, Jr., as President and Harry
Von Arsdale, Jr., as Financial Secretary of Local 3,
International Brotherhood of Electrical Workers, AFL-CIO,
Defendants-Appellees.
 No. 260, Docket 83-7633.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 7, 1983.
Decided Oct. 13, 1983.
 
 Paul S. McDonough, Long Island City, N.Y. (Jackson, Lewis, Schnitzler & Krupman, New York City, Roger S. Kaplan, Anthony H. Atlas, New York City, of counsel), for plaintiff-appellant.
 Norman Rothfeld, New York City, for defendants-appellees.
 Before MANSFIELD and PRATT, Circuit Judges, and TENNEY, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff brought this action to enjoin defendant Local No. 3, IBEW, and its officers from engaging in certain practices that plaintiff contends are in violation of federal antitrust laws, specifically Secs. 1 and 2 of the Sherman Act, 15 U.S.C. Secs. 1, 2 and Sec. 3 of the Clayton Act, 15 U.S.C. Sec. 14. These antitrust violations occurred in the midst of a strike and labor dispute between plaintiff and defendant union. The violations stem from what plaintiff alleges is a conspiracy between the defendants and plaintiff's competitors to destroy plaintiff's business of selling, installing, and servicing telecommunications and related equipment by "raiding" plaintiff's present customers and by demanding that subcontractors take over not only present installation work on plaintiff's jobs during the strike, but also future service and maintenance work, to the exclusion of Telecom.
 
 
 2
 Plaintiff moved before Chief Judge Weinstein for a temporary restraining order and preliminary injunction. Based solely on the oral argument and the submitted papers, Judge Weinstein denied the motion, stating that he would not "get involved" because this was "essentially a labor problem and the NLRB ought to decide that." While acknowledging that the district court had jurisdiction, he did not believe it was "sensible" to act because the NLRB was already pursuing an unfair labor practice claim against the defendant union. He also opined that plaintiff's characterization of the claim as one based in antitrust resulted more from artful pleading than from the occurrence of any substantive violation of antitrust law.
 
 
 3
 In short, Judge Weinstein viewed the instant case as nothing more than a labor dispute over which the NLRB should exercise jurisdiction before the federal court intervenes. Although he acknowledged that the NLRB does not enforce the Sherman Act, he neither received evidence in support of the antitrust allegations, nor did he determine them to be legally insufficient. Instead, he disregarded the allegations as nothing more than a superficial, possibly erroneous, characterization of the dispute before him.
 
 
 4
 Under some circumstances, viable antitrust claims may be asserted against a labor union outside and independently of any matters properly within the jurisdiction of the NLRB. Even though the NLRB generally has primary jurisdiction over matters falling within the scope of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 151 et seq., the doctrine of primary jurisdiction is not one of futility. Local Union No. 189, Amalgamated Meat Cutters v. Jewel Tea Co., 381 U.S. 676, 686, 85 S.Ct. 1596, 1600, 14 L.Ed.2d 640 (1965). Thus, an administrative proceeding is not required in a case which must eventually be decided on a controlling legal issue wholly unrelated to the issue before the administrative agency. Id., see also Robertson v. National Basketball Association, 389 F.Supp. 867, 877 (S.D.N.Y.1975) (antitrust issues are not within the "special competence" of the NLRB; therefore the doctrine of primary jurisdiction is inapplicable).
 
 
 5
 Some union activities are exempt from antitrust regulation by statute, and the Supreme Court has recognized that some union-employer agreements must be accorded a limited nonstatutory exemption from antitrust sanctions. Local 189 v. Jewel Tea Co., supra. Nevertheless, concerted actions or agreements between unions and nonlabor parties are not so protected. Federal labor policy "clearly does not require that a union have freedom to impose direct restraints on the competition among those who employ its members." Connell Construction Co., Inc. v. Plumbers & Steamfitters Local Union No. 100, 421 U.S. 616, 622, 95 S.Ct. 1830, 1835, 44 L.Ed.2d 418 (1975); see also United Mine Workers v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).
 
 
 6
 That certain activities may arguably constitute an unfair labor practice under Sec. 8(e) does not oust a federal court of jurisdiction over a Sherman Act claim arising out of the same activities as part of a combination with employers to restrain competition against the latter, and this is true whether or not the Sherman Act plaintiff has invoked the jurisdiction of the Board over his unfair labor practice claims.
 
 
 7
 Intercontinental Container Transport Corp. v. New York Shipping Association, 312 F.Supp. 562, 571 (S.D.N.Y.), rev'd on other grounds, 426 F.2d 884 (2d Cir.1970); see Allen Bradley Co. v. Local Union No. 3, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945); Local 189 v. Jewel Tea Co., 381 U.S. at 685, 85 S.Ct. at 1599.
 
 
 8
 In light of these principles, plaintiff has presented a colorable antitrust claim. We do not now pass on the merits, or even the sufficiency, of that claim; that is the prerogative of the district court in the first instance. However, we do determine that plaintiff's claim is entitled to more than the summary rejection given below. We therefore remand to the district court to consider plaintiff's injunction motion on its merits, employing such proceedings as may be appropriate under the circumstances.
 
 
 9
 Reversed and remanded.
 
 
 
 *
 Of the Southern District of New York, sitting by designation